UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALINE SIMINGTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:10 CV 269 |
| | ) | |
| MENARD, INC. | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Aline Simington's Motion to Remand to State Court [DE 29]. Simington claims that the amount in controversy is less than $75,000 and so this court is without jurisdiction to decide the case. Because the amount in controversy is determined at the time of removal, and at that time there was more than $75,000 at stake, the Motion to Remand is **DENIED**.

On July 2, 2010, this case was removed here from the Lake Superior Court [DE 2]. Menard's, the defendant, removed the case pursuant to 28 U.S.C. § 1441, alleging that the District Court would have had original jurisdiction under 28 U.S.C. § 1332(a).[1] According to the complaint, Simington claims to have been injured while shopping at Menard's. The parties are of diverse citizenship: Plaintiff Simington is a citizen of Indiana, and Menard's is incorporated in Wisconsin with its principal place of business in Wisconsin [DE 2 at ¶ 6; DE 8 at ¶ 3]. In its Notice of Removal, Menard's contended that the amount in controversy met the jurisdictional

---

[1] A district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between ... citizens of different states." 28 U.S.C. § 1332(a).

threshold, based on the damages Simington sought for potentially permanent injuries [DE 2 at ¶ 7]. At the time of removal I had some concern about whether Menard's had established by a "reasonable probability" that the amount in controversy exceeded the jurisdictional amount. So I ordered Simington to respond to Menard's removal notice [DE 6 at 2-3]. Simington responded that the amount in controversy exceeded the jurisdictional amount, based on a physician's diagnosis that Simington's injury from her accident at Menard's was permanent and needed further surgery [DE 9 at ¶ 3, Exh. A]. Because the amount in controversy was satisfied and the parties were diverse, the case proceeded in the federal forum.

On January 17, 2012, however, Simington moved to remand the case to state court, based on information learned at the deposition Dr. Martino, the doctor who had previously diagnosed Simington with a permanent injury [DE 29]. At the deposition, Dr. Martino testified that while Simington did have a permanent toe condition, he now believes that the condition was unrelated to Simington's accident at Menard's, and was likely due to an arthritic condition [*Id.* at ¶ 3]. As a result of this information, Simington "adjusted" her settlement demand to $30,000 and moved to remand the case to state court [*Id.* at ¶ 5, Exh. A]. Menard's objects to remand, arguing that post-removal events do not affect federal jurisdiction [DE 30 at ¶¶ 4-7].

Jurisdiction depends "on the amount that was in controversy when the federal suit began." *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536 (7th Cir. 2006). Specifically, the amount in controversy is "the amount required to satisfy the plaintiff's demands in full...on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-290 (1938). Thus, the question here is whether, at the time of removal, the

controversy exceeded $75,000, because even though "the plaintiff, after removal...reduces the claim below the requisite amount, this does not deprive the court of jurisdiction." *St. Paul Mercury*, 303 U.S. at 292.

Here, there is no question that at the time of removal, the amount of money put "in controversy" was, in fact, more than $75,000, and so removal at that time was proper. The post-removal events in discovery are not sufficient to divest this Court of its jurisdiction, because at the time the case was removed, federal jurisdiction was proper, and there "is no reason to believe *on the day the case was removed* that it was *legally impossible* for [Simington] to recover more than $75,000." *Oshana*, 472 F.3d at 513.

I note that this case differs from many cases where the plaintiff's post-removal adjustment to her damages demand threatens to destroy diversity jurisdiction so that the plaintiff can gain some sort of tactical advantage. *See, e.g.*, *Oshana*, 472 F.3d 506; *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548 (7th Cir. 2002); *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992). Here, there is no indication that anything like that is going on; rather, Simington's counsel indicated that he believed it was his "ethical obligation" to apprise the Court of the changed circumstances because the Court had raised questions about the amount in controversy during a hearing only a month before Dr. Martino's deposition [DE 31 at ¶¶ 5-6].

Moreover, Simington's representations in her response to the Court's order to clarify diversity are analogous to a demand for damages in a complaint or an early settlement offer. In those cases, the Seventh Circuit has held that the fact that those numbers precede discovery does not diminish their "jurisdictional effect." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). In those cases, as here, the initial determination of the amount in controversy controls, and jurisdiction is proper.

**SO ORDERED.**

ENTERED: March 13, 2012

<u>s/ Philip P. Simon</u>
Philip P. Simon, Judge
United States District Court
