UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ALINE SIMINGTON,                )
                                )
            Plaintiff,           )
                                )
      v.                         )     NO. 2:10-CV-00269-PPS
                                )
MENARD, INC.                     )
                                )
            Defendant.           )

**OPINION AND ORDER**

Aline Simington was injured while shopping at a Menards store when a piece of crown molding fell on her foot, causing serious injury. Menards seeks summary judgment on the grounds that Simington's testimony must be disregarded because it is physically impossible for the injury to have occurred in the manner in which she alleges. [DE 38.] Menards also claims that that it did not breach any duty owed to Simington, since it did not have actual or constructive knowledge of the alleged dangerous condition, which, according to Menards, is yet another reason for granting it summary judgment. For the following reasons, Menard's motion for summary judgment is denied.

**FACTUAL BACKGROUND**

On January 30, 2009, Ms. Simington was a customer at the Menards store in Merrillville, Indiana. While browsing the store's aisles for crown molding, Simington alleges that a piece of crown molding fell through a gap separating individual shelving units, struck her foot, and landed completely on the ground. Simington testified that she did not see anyone touching the molding at the time, and she also asserts that she was not handling the molding in any way. The

1

trauma to Simington's foot caused her significant and permanent injury that required medical attention. Menards seeks summary judgment and there are also cross motions to strike filed by each party.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Howard v. Lear Corp. EEDS & Interiors*, 234 F.3d 1002, 1004 (7th Cir. 2000); *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 458 (7th Cir. 1999). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.,* 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). When examining the evidence, the Court should resolve all ambiguities and draw all inferences in favor of the non-moving party. *Haefling v. United Parcel Serv., Inc.,* 169 F.3d 494, 497 (7th Cir. 1999); *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1453 (7th Cir. 1994).

### I. The Physical Facts Rule

Menards first seeks summary judgment based on an Indiana rule known as the physical facts rule. The Indiana Supreme Court has held that courts may take judicial notice of natural laws and common knowledge when considering witness testimony, and thereby hold as legally insufficient accounts of physically impossible phenomena. *See Lake Erie & W.R. Co. v. Stick*, 41 N.E. 365, 369–70 (1895) (discounting as legally insufficient plaintiffs testimony that, although his view was unobstructed and his hearing exceptionally good, he did not observe a train's approach upon stopping to look and listen). When this "physical facts rule" applies, witness testimony is considered to have no probative value, and a jury is not permitted to rest its

2

verdict thereon. *See Zollman v. Symington Wayne Corp.*, 438 F.2d 28, 31–32 (7th Cir. 1971). However, this rule applies "only when the physical facts are irrefutably established and permit but one inference. To arrive at conclusions from physical facts alone [ ] is often hazardous." *Brock v. Walton*, 456 N.E.2d 1087, 1092 (Ind. App. 1983).

One means by which plaintiffs have convinced courts that the physical facts were sufficiently established to discredit a witness's testimony is when extensive testing is done. For example, in *Zollman*, the Seventh Circuit held that numerous tests of an automobile hoist by both the plaintiff and defendant sufficiently demonstrated that improper operation of the hoist—rather than defective design—must have been the cause of the plaintiff's injury. *Zollman,* 438 F.2d at 32. Accordingly, they disregarded the plaintiff's testimony to the contrary based upon the physical facts rule. *See id* at 31. In the present case, however, neither side claims to have performed any tests or experiments to physically establish that a piece of crown molding could or could not have injured Simington in the manner she described, thus distinguishing this case from *Zollman*.

Indiana courts have not always required physical experimentation prior to the application of the physical facts rule. In *Emrich Furniture Co. v. Byrnes*, a heavy iron frame fell on the plaintiff when the wooden rails upon which it rested shifted. 87 N.E. 1042, 1043 (Ind. App. 1909). Although the plaintiff testified that he felt the rails spontaneously spread apart underfoot, a divided court refused to accept that testimony. *See id* at 1046–47. The court noted that it would be physically impossible for the rails, without any lateral force to push them apart, to slip out from under the heavy presses. Accordingly, the court held that the "testimony of a witness which conflicts with natural laws is not legitimate evidence, and cannot be considered." *See id* at

1046.

Contrary to Menard's assertions, the court in *Emrich* did not base its finding of physical impossibility on the testimony of witnesses with intimate knowledge of the instruments at issue. [DE 55 at 11.] Instead, the court relied on judicial notice of Isaac Newton's First Law of Motion, which provides that "[an object] continues in its state of rest . . . unless acted upon by some impressed force." William Hay, *On the Nature of Newton's First Law of Motion*, The Philosophical Review, Vol. 65, No. 1 (January, 1956), p. 97.

In sum, the cases applying the "physical facts rule" suggest application of the rule in two distinct situations: (1) when judicial notice of readily apparent natural or scientific laws is appropriate (such as in *Emrich* and *Lake Erie*); or (2) when extensive testing has been conducted and recorded by both parties which sufficiently demonstrates the physical impossibility of a particular phenomenon (such as in *Zollman*).

The question of whether this piece of molding could have fallen the way it did is not immediately answerable by recourse to natural or scientific laws, so the first application of the physical facts rule is plainly inapplicable here. As for the second application of the physical facts rule, Menards tries to persuade me that the accident could not have occurred the way Simington said it did by submitting an affidavit from Carl Kepchar, an employee for Menards at the location where this incident occurred.[1] In it, Kepchar asserts that—based on his twelve years of experience working in Menards' crown molding aisles—it was "physically impossible for a piece of crown molding to fully pass through [the shelving unit] and travel multiple feet into the

---

[1] Simington filed a motion to strike Menard's affidavit in connection to this summary judgment ruling. [DE 43.] Because I have decided to deny the motion for summary judgment, Simington's motion to strike is similarly denied without prejudice as moot.

4

aisle." [DE 49 at ¶ 15.] Such an affidavit, if submitted in conjunction with the results of extensive testing with a representative piece of molding in the same location where the accident took place, may be sufficient to invoke the second application of the physical facts rule. But Kepchar's affidavit was not accompanied with testing results, nor does it even allege that testing had taken place. Indeed, Kepchar testified that he had conducted no testing of any kind with regards to the crown molding incident as alleged by Simington. [DE 42-4 at 8.] All his affidavit really amounts to is his conclusion that the accident could not have occurred the way Simington says it did. So the second application of the physical facts rule is also inapplicable since the requisite testing of the alleged physical impossibility was not conducted.

With the physical facts rule out of the way, the dispute essentially devolves into a conflict of testimony. Simington asserts that a piece of molding falling through Menards' shelving caused her injury, while Menards claims by means of photographic evidence and an employee affidavit that the accident, as described, is physically impossible, and thus did not happen. Neither party has sufficiently established the precise dimensions of the piece of molding that injured Simington [DE 42-3 at 6; DE 42-2 at 7-8, 12–14] or the precise location or aisle where the accident occurred. [DE 42-3 at 7; DE 42-4 at 2; DE 42-2 at 18–19.] So viewing the evidence in the light most favorable to Simington, a jury could choose to believe Simington's testimony that a board fell from Menard's shelving and injured her foot.

## II. Menard's Duty to Plaintiff

As a business entity that holds itself open to the public, Menards had a duty to exercise reasonable care for business invitees such as Simington while on the store's premises. *See Schulz v. Kroger Co.,* 963 N.E.2d 1141, 1144 (Ind. App. 2012). So liability for breaching this

5

duty can be imposed on Menards only if it had actual or constructive knowledge of the dangerous condition that led to Simington's injury. *See id.*

Menards claims it believed it was impossible for a piece of crown molding to exit the crown molding shelving units. [DE 39 at 16.] Because of this belief, Menards contends that it did not have actual or constructive notice of the dangerous condition and thus did not breach any duty owed to Simington. [DE 39 at 16.] Simington, however, has introduced an affidavit and photographs from its investigator suggesting that at other Menards retail locations, the store installs wooden bumpers or stoppers to prevent molding from entering the space between adjacent shelving units. [DE 42-6 at ¶ 6; DE 42-7; DE 42-8.] Taken in the light most favorable to Simington, a jury could conclude from this evidence that Menards did in fact have actual notice of the potential for lumber to slip into these gaps. On a motion for summary judgment, this evidence is sufficient to create a question of fact as to whether Menards breached its duty to Simington.

In order to avoid this ruling, Menards has moved to strike the affidavit Simington submitted on two grounds. First, Menards asserts that Simington broke an agreement between the parties, which stipulated that an inspection of the *Merrillville* store would be "limited to only the oak crown molding aisle." [DE 53-2 at 2.] By specifying the Merrillville location, this agreement did not preclude inspection of other Menards locations. Thus, Simington's subsequent investigations did not violate this arrangement.

Second, Menards asserts that the photographs and testimony of Simington's investigator of other Menards locations was obtained in violation of Federal Rule of Civil Procedure 34 (a)(2). The rule in relevant part provides, "A party **may** serve on any other party a request . . .

6

to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34 (emphasis added). In utilizing the term "may," the Federal Rules clearly accommodates the use of informal discovery in litigation. Since Menards does not claim that Simington violated any laws in procuring this evidence from establishments held open to the public, I do not see any grounds for precluding this testimony. The Seventh Circuit has previously made this point, albeit in a different context:

> As for the "right to investigate," Allendale is correct that this "right" is not fully specified, regulated, or otherwise covered in the federal rules. **Much pretrial investigation-such as taking a photograph in a public place, interviewing friendly witnesses, and looking up public records-goes on without reference to anything in the federal rules.** But a federal district judge's authority with regard to the management of the discovery phase of a lawsuit is not limited to matters comprehensively governed by a statute or rule. This elementary principle is codified in Fed.R.Civ.P. 83, which provides that "in all cases not provided for by rule, the district judges and magistrates may regulate their practice in any manner not inconsistent with these rules or those of the district in which they act."

*Allendale Mutual Ins. Co. v. Bull Data Systems , Inc.* 32 F.3d 1175, 1178 (7th Cir. 1994) (emphasis added).

Rule 34 provides one way to uncover evidence through the inspection of property. A litigant can request permission to inspect a location and the court may approve that request. But just because one discovers evidence through another means doesn't mean that the opponent can then use Rule 34 as a shield and prevent use of the evidence otherwise lawfully obtained.[2] In other words, there is "nothing in the Federal Rules that would support such a restriction on

---

[2] I would add that even if I am incorrect on this point, there is no prejudice to Menards for Simington's violation of Rule 34. This is because had Simington made a proper request to inspect and photograph the areas in question under Rule 34, I would have readily granted that request.

7

counsel's private inquiry into the facts underlying his client's claim." *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1052 (7th Cir. 1998) (holding that the Federal Rules do not prohibit counsel from taking non-deposition testimony from witnesses).

In sum, because the affidavit is admissible for summary judgment purposes, the reasonable inferences it generates in the light most favorable to Simington create a question of fact as to whether Menards violated its duty to Simington.

## CONCLUSION

For all of the foregoing reasons, the Defendant's Motion for Summary Judgment [DE 38] and Motion to Strike [DE 53] are **DENIED**. Additionally, Plaintiff's Motion to Strike [DE 43] is also **DENIED** without prejudice as moot.

**SO ORDERED**.

ENTERED: August 9, 2012

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT